IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| 5G Corporation, Inc., and Amelia Vaughn,<br><br>Plaintiffs,<br>v.<br><br>Sprint Communications Company, L.P, Apple, Inc., Google LLC, Microsoft Corporation, and Facebook Payments, Inc.<br><br>Defendants. | Case No. 2:21-cv-2350 |

## NOTICE OF REMOVAL

Defendants Apple Inc. ("Apple") and Sprint Communications Company L.P. ("Sprint") (together, "Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby give notice of removal of this action from the Chancery Court of Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee, and in support state as follows:

### I.  Background

1. Plaintiff Amelia Vaughn, in her individual capacity and as a principal and moving party of the corporate entity 5 G Corporation, Inc. (together, "Plaintiffs"), commenced a civil action, styled *5G Corporation Inc. and Amelia Vaughn, vs. Sprint Communications Company, L.P., et al.*, in the Chancery Court of Shelby County, Tennessee, by filing a Complaint on or about April 16, 2021, which is currently pending as Case No. CH-21-0504 ("State Court Action").

2. A Summons and a copy of Plaintiffs' Complaint were served on Apple on or about April 26, 2021. A Summons and a copy of Plaintiffs' Complaint were served on Sprint on or about April 27, 2021. Copies of the Summonses and Complaint served on all Defendants are attached to this Notice as Exhibit 1 and constitute all process, pleadings, and orders served on Defendants.

3. In the State Court Action, as set forth in the Complaint, Plaintiffs seek a permanent

injunction and to recover compensatory damages and attorneys' fees based upon allegations of converted or stolen data, invasion of privacy, intentional infliction of emotional distress, assault, discrimination on the basis of race in violation of 42 U.S.C. § 1981, and violations of the Sherman Antitrust Act.

### II. This Court has original jurisdiction under 28 U.SC. § 1331, or, alternatively, diversity jurisdiction under 28 U.S.C. § 1332(a).

4. This Court has original jurisdiction over the claims alleged by Plaintiffs in the Complaint under 28 U.S.C. § 1331 because this civil action arises under federal law. Defendants submit that the Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a) because they arise from a common nucleus of operative facts as Plaintiffs' federal claims and thus "form part of the same case or controversy under Article III of the United States Constitution." The Court also has original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and based on the allegations in the Complaint, the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs. Defendants deny all liability to Plaintiffs.

Specifically, Defendants show the Court this civil action is removable for the reasons set forth below:

    a. Plaintiff Vaughn alleges that her civil rights have been violated under 42 U.S.C. § 1981. (Compl. ¶13.)

    b. Plaintiffs also allege a violation of the Sherman Antitrust Act, codified in 15 U.S.C. §§ 1-38. In addition, Plaintiffs expressly tie all their state-law claims to their federal antitrust claim. (*See* Compl. ¶ 14 (stating "all of these before-described actions have been in violation of the Sherman Antitrust Act").) Accordingly, all of Plaintiffs' state-law claims form part of the same alleged anticompetitive conspiracy, and the state-law claims

therefore form part of the same nucleus of operative facts. Thus, the Court can and should exercise supplemental jurisdiction over Plaintiffs' state-law claims. Consequently, this Court can exercise jurisdiction under 28 U.S.C. § 1331.

c. According to the Complaint, Plaintiff Vaughn is a Tennessee resident who resides in Shelby County, Tennessee. (Compl. ¶ 2.) Plaintiff Vaughn is therefore a citizen of Tennessee for diversity purposes.

d. According to the Complaint, Plaintiff 5 G Corporation, Inc. is a Tennessee corporation. (Compl. ¶ 1.) Plaintiff 5 G Corporation, Inc.'s principal place of business is located at 1143 Walker Avenue, Memphis, Tennessee 38106. Plaintiff 5 G Corporation, Inc. is therefore a citizen of Tennessee for diversity purposes.

e. Defendant Sprint Communications Company L.P. is a limited partnership between Sprint Communications, Inc., as general partner, and Utelcom LLC, as limited partner. Sprint Communications, Inc. is a Kansas corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006. Sprint Communications, Inc. is the sole member of Utelcom LLC, a Kansas limited liability company. Sprint Communications Company L.P. is therefore a citizen of Kansas and Washington for diversity purposes.

f. Defendant Apple Inc. is a California corporation with its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple Inc. is therefore a citizen of California for diversity purposes.

g. Defendant Google LLC is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google LLC's sole member is XXVI Holdings Inc., a Delaware corporation with

its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google LLC is therefore a citizen of Delaware and California for diversity purposes.

    h.    Defendant Microsoft Corporation is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052. Microsoft Corporation is therefore a citizen of Washington for diversity purposes.

    i.    Defendant Facebook Payments, Inc. is a Florida corporation with its principal place of business in Menlo Park, California. Facebook Payments, Inc. is therefore a citizen of Florida and California for diversity purposes.

    j.    The amount in controversy for purposes of 28 U.S.C. § 1332 is assessed according to the allegations of the complaint. *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself . . ."). Thus, in arguing that the amount in controversy exceeds the jurisdictional amount, Defendants in no way concede that the actual value of the case is a certain amount or that Plaintiffs are entitled to any recovery at all. To the contrary, Defendants vehemently dispute that they are liable in any way, or under any theory, for any of the claims alleged in Plaintiffs' Complaint.

    k.    The Complaint does not allege a specific amount of damages; however, the value of the object of the litigation is worth an amount in excess of $75,000 exclusive of interests and costs. "In actions seeking declaratory or injunctive relief, controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). In the Sixth Circuit, courts shall decide whether it is "more likely than not" that the cost of complying with an injunction may exceed $75,000

for removal purposes.  *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co*., 621 F.3d 554, 560 (6th Cir. 2010).  The Complaint requests a "permanent injunction to prevent and prohibit the Defendants from . . . distributing, sharing, and or using [Plaintiffs'] existing technology."  (Compl. at 11, ¶ 2).  The alleged "5 G Technology" is not disclosed in the Complaint.  (*See* Compl. ¶ 8(K).)  However, assuming the truth of Plaintiffs' allegations for purpose of assessing the amount in controversy, it is more likely than not that the cost of complying with a permanent injunction on the use of "5G" technology would exceed $75,000 exclusive of interests and costs.  Furthermore, treble damages may be awarded in antitrust cases pursued under the Sherman Antitrust Act.  15 U.S.C.A. § 15a ("any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may . . . recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."); *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 266 (1946) (affirming treble damages of $360,000 in antitrust case where measurement of injury was imprecise due to nature of the suit).

    l.    Additionally, attorney's fees may be included in calculating the amount in controversy where they may theoretically be recovered as an element of damages.  *Williamson v. Aetna Life Insurance Co*., 481 F.2d 369, 377 (6th Cir. 2007) ("[W]e have affirmed the general principle of considering statutorily authorized attorneys' fees for purposes of establishing jurisdiction . . . .").  Here, Plaintiffs seek "an award of reasonable attorney's fees and court costs[,]" which likely will exceed $75,000 exclusive of interests and costs.  Apple and Sprint anticipate filing a motion to dismiss, and should that motion not succeed in its entirety, a motion for summary judgment.  The cost of attorneys' fees in intellectual property and antitrust litigation could well exceed $75,000.  *Nintendo of Am.,*

*Inc. v. NTDEC*, 822 F. Supp. 1462, 1467 (D. Ariz. 1993), *aff'd*, 51 F.3d 281 (9th Cir. 1995) (awarding $108,829.00 in attorneys' fees in intellectual property case); *Chroma Lighting v. GTE Prod. Corp.*, 127 F.3d 1136, 1136 (9th Cir. 1997) (upholding award of $214,511.00 for attorneys' fees in antitrust case).

    m.    Accordingly, this case is properly removable under 28 U.S.C. §§ 1331, 1367(a), 1332(a), 1441, and 1446.

5. This Notice of Removal is filed within 30 days after the service of the Summons and Complaint on Defendants and is therefore timely.

6. This Notice is filed on behalf of Apple and Sprint. The other named Defendants, Google LLC, Microsoft Corporation, and Facebook Payments, Inc.,[1] consent to removal.

7. The state court in which this action was commenced is within this Court's District.

8. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Chancery Court of Shelby County, Tennessee, and a copy of this Notice of Removal will also be served on Plaintiffs' counsel.

9. Defendants reserve the right to assert all motions, defenses, objections, and counterclaims to Plaintiffs' operative Complaint.

Accordingly, Apple and Sprint hereby remove to this Court the State Court Action pending as *5G Corporation Inc. and Amelia Vaughn, vs. Sprint Communications Company, L.P., et al.*, in the Chancery Court of Shelby County, Tennessee, Case No. CH-21-0504.[2]

---

[1] The additional defendants were served on or about April 27, 2021. *See* Ex. 1.

[2] By removal of this case, or consenting to removal, no Defendant waives any defense (including, but not limited to, personal or subject-matter jurisdiction, venue, failure to state a claim, and insufficiency of service), objection, right, or claim. Nor shall any notice of appearance, motion for an extension of time, application for admission (pro hac vice or otherwise), or any other submission, or participation in any court-scheduled or -required conferences or hearings regarding

78100143.10

Dated: May 26, 2021                                    Respectfully submitted,

/s/ John W. Peterson
John W. Peterson (BPR # 26136)
Michael A. Malone (BPR # 31219)
POLSINELLI PC
401 Commerce Street, Suite 900
Nashville, TN 37219
Phone: (615) 259-1510
Fax: (615) 259-1573
mmalone@polsinelli.com

*Attorneys for Apple and Sprint*

---

Plaintiffs' Complaint or other filings, waive any defense or objection to the Complaint.

7

78100143.10

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2021, a true and exact copy of the foregoing has been served via e-mail and first-class U.S. Mail to the following:

Ted I. Jones
Jones & Garrett
2670 Union Avenue Extended, Suite 1200
Memphis, Tennessee 38112
dtedijones@aol.com

*Counsel for Plaintiffs*


Christopher C. Kearney
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, California 94111
ckearney@keker.com

Kirk A. Caraway
Allen, Summers, Simpson, Lillie, & Gresham, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
kcaraway@allensummers.com

*Counsel for Facebook Payments, Inc.*

Robb S. Harvey
Quynh-Anh D. Kibler
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
robb.harvey@wallerlaw.com
qa.kibler@wallerlaw.com

David H. Kramer
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
dkramer@wsgr.com

*Counsel for Google LLC*

Tannera George Gibson
Sarah E. Stuart
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, Tennessee 38103
tgibson@bpjlaw.com
sstuart@bpjlaw.com

*Counsel for Microsoft Corporation*


　　　　　　　　　　　　　　　　　　　　*/s/ John W. Peterson*
　　　　　　　　　　　　　　　　　　　　　John W. Peterson